WILLIAM R. TAMAYO – #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
EVANGELINA FIERRO HERNANDEZ -- #168879 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California  94105
Telephone:    (415) 625-5622
Facsimile:    (415) 625-5657

Attorneys for Plaintiff Equal Employment Opportunity Commission

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | Civil Action No. CIV-S-04-1751 FCD GGH |
| Plaintiff, | AMENDED CONSENT DECREE |
| v. | |
| **LAMBKA & RENFROE L.L.C., d/b/a/ PERKO'S CAFÉ and DYNACO, INC.,** | |
| Defendants. | |

### I. INTRODUCTION

1.   Plaintiff, EEOC, filed this action alleging that defendants, Lambka & Renfroe L.L.C. d/b/a Perko's Café and Dynaco, Inc., subjected Charging Party Raymie and other Hispanic and/or Mexican employees to unlawful harassment based on their national origin and ultimately caused the unlawful discharge of a class of Hispanic/Mexican employees. Defendants deny Plaintiff's allegations and claims in this action.

2.   Defendant Dynaco, Inc., has been dismissed from the action by the EEOC.

3. The EEOC and Defendant Lambka & Renfroe L.L.C. d/b/a Perko's Café (hereinafter "Defendant") want to conclude fully and finally all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation.

## II. NON-ADMISSION OF LIABILITY

4. This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of any violation or liability by Defendant.

## III. DEFINITION OF TERMS

5. "Claimants" refers to Raymie Lopez Rajewski, the individual who filed the charge of discrimination leading to the instant action, and other similarly situated individuals who the EEOC determines shall participate in monetary relief pursuant to this Consent Decree.

6. For the purposes of this decree, the term "Harassment" refers to any alleged harassment based on the protected status of race, gender, religion, national origin, color, age or disability.

## IV. GENERAL PROVISIONS

7. This Consent Decree is intended to and does effectuate the full, final, and complete resolution of all allegations and claims of unlawful employment practices and discrimination arising from or relating to (a) the original discrimination charge of discrimination, EEOC Charge Number 370-A2-0958 and (b) the Complaint filed in this action, <u>EEOC v. LAMBKA & RENFROE L.L.C., d/b/a/ PERKO'S CAFÉ and DYNACO, INC.</u>, Civil CIV-S-04-1751 FCD GGH, pursuant to Title VII of the Civil Rights Act of 1964.

8. This Court has jurisdiction over the subject matter and the parties to this action.

9. This Consent Decree constitutes a full, final, and complete resolution of Plaintiff's Complaint and the underlying charge of discrimination filed with the EEOC.

10. This Consent Decree shall become effective upon its entry by the Court.

11. Each party shall bear its own costs and attorney fees.

12. The Court has reviewed the terms of this Consent Decree in light of the pleadings,

Consent Decree
Civil Action No. CIV-S-04-1751 FCD GGH

the record herein, and the applicable law, and now approves the Consent Decree in its entirety.

## V.  MONETARY SETTLEMENT

13. Defendant agrees to pay the gross sum of $35,000.00 (hereinafter "Settlement Sum") through quarterly payments outlined below.  The EEOC will inform Defendant how the Settlement Sum shall be apportioned between the Claimants.

14. Payment to the Claimants shall be made in equal quarterly payments totaling the Settlement Sum of $35,000.00, commencing on or about July 31, 2005 or as soon thereafter as practicable, and continuing for a period of three (3) years thereafter.  No interest shall accrue or be incurred by Defendant.  The monetary relief shall be issued in checks drafted in each of the Claimant's names and amounts as outlined in Exhibit A.  The checks shall be delivered to the EEOC for distribution.  The checks shall be payable to the order of the Claimants in the form of business checks, cashier's checks, or certified checks.  Defendant also will issue an IRS Form 1099 for each of the checks issued pursuant to this paragraph.

   A. Defendant will mail the copies of the IRS Form 1099 to Evangelina Fierro Hernandez, Senior Trial Attorney for the EEOC, at 350 The Embarcadero, San Francisco, CA 94105, simultaneously with the mailing of the checks.

   B. Payment of monetary relief to the Claimants shall be contingent on the execution of a release of all claims against Defendant by each of the Claimants.  No portion of this Settlement Sum is attributable to or representative of any type punitive damages claim.

## VI.  GENERAL INJUNCTIVE RELIEF

15. *Retaliation:*  Consistent with Section 704 of Title VII, 42 U.S.C. §2000e-3, Defendant, its officers, agents, managers (including supervisory employees), successors or assigns and all those in active concert or participation with them, agree not to engage in, implement or permit any action, policy or practice with purpose of retaliating against any of the Claimants or any person who was identified as a possible claimant or witness in this action because they

opposed any alleged practice; or testified or participated in any manner in any investigation, proceeding or hearing in connection with this case.

## VII. SPECIFIC INJUNCTIVE RELIEF

16.     Defendant affirms its continuing commitment to the objectives contained in the following "Statement of Zero-Tolerance Policy and Equality Objectives":

> Defendant is firmly committed to maintaining a zero-tolerance policy concerning discriminatory harassment and retaliation against individuals who report harassment in the company's workplace; to swiftly and firmly responding to any acts of harassment and retaliation of which the company becomes aware; to implementing a disciplinary system that is designed to strongly deter future acts of harassment or retaliation; and to actively monitoring its workplace in order to ensure tolerance, respect and dignity for all people.

This paragraph does not create any contractual or common law causes of action or other rights that would not otherwise exist under statute.

17.     Defendant agrees to develop and implement the following policies, procedures and practices at the Perko's Café currently operated by Defendant:

*EEO and Harassment Policies*

A.     To the extent necessary Defendant shall revise its EEO & harassment policies (in English and Spanish) within thirty (30) days of signing the Consent Decree, such that the policies: (i) include definitions of discriminatory harassment, with specific reference to harassment based on race; (ii) include examples to supplement the definitions of harassment based on race; (iii) provide for substantial discipline and/or corrective action for incidents of discriminatory harassment; (iv) include non-retaliation language with examples to supplement the definition of retaliation; (v) provide for substantial discipline for incidents of retaliation; (vi) provide that complaints of harassment and/or retaliation will be received irrespective of whether they are made verbally or in writing; (vii) explain that Defendant will conduct a prompt and thorough investigation after a complaint is made or received and will take remedial action if necessary upon conclusion of an

Consent Decree
Civil Action No. CIV-S-04-1751 FCD GGH

investigation; and (viii) indicate that, promptly upon the conclusion of the investigation of a complaint, Defendant will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.

B. Defendant shall effectively disseminate its revised policies and procedures by:

(i) Distributing copies to all current employees of Defendant within 10 days of their adoption;

(ii) Giving a copy of the revised policies and procedures to and reviewing them with all new employees of Defendant upon the employees' hire.

C. Defendant will submit a copy of the revised EEO and harassment policies to EEOC at the same time it submits its report on the completion of training as described below in Section IX.

D. Defendant will submit a copy of the complaint procedures to the EEOC at the same time it submits its certification of completion of training as required by Section IX.

*Supervisor Accountability*.

E. Defendant agrees that it shall impose substantial discipline – up to and including termination, suspension without pay, or demotion – upon any supervisor or manager who the company determines has engaged in harassment or has knowingly permitted any such conduct to occur in his or her work area or among employees under his or her supervision, or who Defendant determines has retaliated against any person who complains or participates in any investigation or proceeding concerning any such harassment.

F. Defendant shall advise managers and supervisors of their duty to actively monitor their work areas to ensure employee compliance with the harassment

policy, and to report any incidents and/or complaints of harassment and/or retaliation of which they become aware.

***Harassment Training***

G.     Within six months of entry of this Decree, Defendant will present to all of its employees, including owners, managers and supervisors, at least one (1) hour of mandatory anti-harassment training.

   (i)     The training shall be developed and presented by an outside source, i.e., someone who is not employed by Defendant, who is knowledgeable about Title VII and discriminatory harassment and who has the background, skill and ability to educate Defendant's employees about the issue of discriminatory harassment in the workplace.   The training will include examples of the types of remarks and behavior that will not be tolerated in Defendant's business locations.  The training will further inform each participant that he or she is responsible for knowing and complying with the contents of Defendant's EEO and harassment policies and procedures.

   (ii)    Supervisors and/or managers who will assume responsibility for enforcing Defendant's EEO and harassment policies upon expiration of the Consent Decree shall also receive training on appropriate techniques for documenting and investigating complaints of harassment.  The training on investigative techniques can be included as a component of the mandatory discriminatory harassment training.

   (iii)   The owners or principals of Defendant will also receiving training on appropriate techniques for documenting and investigating complaints of harassment.

H.     The cost of the training described in paragraph G above shall be borne by

Consent Decree
Civil Action No. CIV-S-04-1751 FCD GGH

**Page 6**

Defendant.

I.  Defendant will retain records of the training programs, copies of any materials distributed during the training and lists documenting the dates on which it held the training and identifying the persons who attended.  Defendant will provide a copy of these records and training materials to the EEOC within thirty (30) days of completion of the trainings.

## VIII.  REPORTING

18.  Six months after entry of the Consent Decree and again every six months thereafter, Defendant will submit reports to the EEOC summarizing any complaints of harassment received by Defendant during the preceding six-month period.  The reports will include the identities of the complainant(s) and the alleged harasser(s), a summary of action taken in response to the complaint, and the resolution of any such complaint.  Defendant will attach copies of the corresponding written records.

19.  Within thirty (30) days after completion of the anti-harassment training outlined in paragraph 17.G. above, Defendant will send the EEOC appropriate verification of its completion of the training.  See also paragraph 17.1.

20.  Defendant shall submit a final report to the EEOC thirty (30) days before the Consent Decree expires containing a statement verifying its compliance with the terms of the Consent Decree.

## IX.  RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

21.  This Consent Decree shall terminate three (3) years from the date of entry by the court, unless EEOC petitions this court for an extension of the Decree because of alleged noncompliance by Defendant.  If EEOC determines that Defendant has not complied with the Consent Decree, EEOC will provide written notification of the alleged breach to Defendant and will not petition the court for enforcement sooner than thirty (30) days after providing such

Consent Decree
Civil Action No. CIV-S-04-1751 FCD GGH

1 written notification.  The thirty-day period following written notice shall be used by the parties for

2 good faith efforts to resolve the issue.  If EEOC petitions the court and the court finds Defendant

3 to be in substantial violation of the terms of the Decree, the court may extend this Consent Decree

4 and provide appropriate remedies and orders.

5        22.     This Court shall retain jurisdiction over this action for the purposes of enforcing

6 the provisions of this Consent Decree. This Consent Decree shall expire by its own terms at the

7 end of three (3) years without further action by the parties.

8 Respectfully submitted,

9

10 DATED: _____, 2005                    By_____
                                              WILLIAM TAMAYO
                                              U.S. EQUAL EMPLOYMENT
11                                            OPPORTUNITY COMMISSION

12

13 DATED: _____, 2005                    By_____
                                              JONATHAN PECK
14                                            U.S. EQUAL EMPLOYMENT
                                              OPPORTUNITY COMMISSION
15

16 DATED: _____, 2005                    By_____
                                              EVANGELINA FIERRO HERNANDEZ
17                                            U.S. EQUAL EMPLOYMENT
                                              OPPORTUNITY COMMISSION
18

19 DATED: _____, 2005                     By_____
                                              ROBERT J. SCHNACK
20                                            BULLIVANT HOUSER BAILEY PC
                                              11335 Gold Express Drive, Suite 105
21                                            Gold River, CA  95670-6310

22

23 APPROVED AND SO ORDERED on August 1, 2005:

24  /s/ Frank C. Damrell Jr. _____
   U.S. District Judge
25

26

27 **Consent Decree**
**Civil Action No. CIV-S-04-1751 FCD GGH**